<div style="text-align:center">

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

</div>

DERRICK SPENCER,

        Petitioner,                                  Case Number: 05-CV-74879

v.                                               HON. VICTORIA A. ROBERTS

THOMAS BIRKETT,

        Respondent.
        _____/

<div style="text-align:center">

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS, STAYING FURTHER
PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE**

</div>

Petitioner Derrick Spencer has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Standish Correctional Facility in Standish, Michigan, challenges his convictions for assault with intent to do great bodily harm, possession of a firearm during the commission of a felony, and being a felon in possession of a firearm. Respondent filed a Motion to Dismiss on the ground that Petitioner failed to exhaust the claims presented in his habeas petition.

<div style="text-align:center">

**I.**

</div>

Petitioner was convicted following a bench trial in Wayne County Circuit Court. On November 18, 2003, Petitioner was sentenced to thirty months to ten years imprisonment for the assault conviction, six months to five years imprisonment for the felon in possession conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

    I.       Mr. Spencer's convictions for assault with intent to commit great bodily harm less than murder, felon in possession of a firearm, and felony firearm, must be reversed based on insufficiency of evidence.

    II.      Mr. Spencer's sentence was erroneous due to improper computation of sentencing guidelines.

    III.     Mr. Spencer's attorney was ineffective since he represented both defendants in a two defendant trial and didn't present witnesses necessary for Mr. Spencer's defense.

The Michigan Court of Appeals affirmed the convictions. People v. Spencer, No. 252594 (Mich. Ct. App. March 15, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals, and the following additional claim:

> Defendant-appellant was denied his right to effective assistance of appellate counsel guaranteed him by the constitutions of the United States and Michigan, U.S. Const. Am. VI & XIV; Mich. Const. 1963, Art. I, §§ 17 & 20, where appellate counsel's deficient performance prejudiced him in that every issue on his appeal-of-right was affirmed not on the merits, but because of counsel's errors.

The Michigan Supreme Court denied leave to appeal. People v. Wiley, No. 126195 (Mich. Oct. 31, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

    I.       Petitioner was denied his Sixth Amendment right to the effective assistance of trial counsel, who created a conflict of interest by representing both Petitioner and co-defendant, failed to investigate and call defense witnesses, failed to investigate and impeach the victim with prior criminal history, with prior inconsistent statements to police, with perjury in an unrelated criminal case, and, where counsel stipulated that Petitioner's prior conviction for felony riot was a specified felony for purposes of prosecution in "felon in possession of a firearm" under

        M.C.L. 750.224f.

II.      Petitioner was denied his Fourteenth Amendment right to a fair trial where the evidence presented was insufficient to support a conviction upon the elements of the charged offense.

III.     Petitioner's sentence violates the Eighth and Fourteenth Amendment as he was improperly scored using a nonconforming felony to enhance his sentence pursuant to M.C.L. 777.43(2)(a).

IV.     Petitioner's right to counsel during his appeal of right was violated due to ineffective assistance of his court appointed appellate counsel's failure to properly set forth the claims before the appellate court and counsel's repeated failure to follow the appellate procedures.

V.      Because of the Sixth Amendment violations Petitioner's due process rights protected under the Fourteenth Amendment were violated during the trial and appellate states as a result of ineffective assistance of both counsels.

## II.

Respondent has filed a Motion to Dismiss on the ground that the petition is a mixed one because it contains unexhausted claims. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Because habeas petitioners generally are limited to filing only one habeas petition, 28 U.S.C. § 2244(b), they should include all their claims in one habeas petition. The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus

relief.  *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner presented his ineffective assistance of appellate counsel claim for the first time in his application for leave to appeal to the Michigan Supreme Court.  Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim.  Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1059 (1989).  Thus, Petitioner has failed to exhaust his state court remedies with respect to this claim.

Respondent also argues that Petitioner's sufficiency of the evidence claim and the following ineffective assistance of trial counsel claims were presented for the first time in Petitioner's application for leave to appeal to the Michigan Supreme Court: that trial counsel was constitutionally defective for not sequestering the victim, not impeaching the victim with prior inconsistent statements and criminal history, and for stipulating to his prior conviction for a specified felony.  All of these claims were presented in Petitioner's appeal of right to the Michigan Court of Appeals.  Therefore, they are properly exhausted.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted ineffective assistance of appellate counsel claim.  Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting

prejudice or a significant possibility of innocence.  *See* Mich. Ct. R. 6.508(D)(3).  Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

A federal court may stay a "mixed" federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."  Rhines v. Weber, 544 U.S. 269, 277 (2005).  Petitioner states that this claim was not presented to the Michigan Court of Appeals because his appellate attorney was ineffective.  An appellate attorney cannot be expected to raise his own ineffective assistance on appeal.  Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000).  Thus, the Court finds that Petitioner has asserted good cause for failing previously to present this claim to the Michigan Court of Appeals.  The Court is further satisfied that the unexhausted claim is not plainly meritless and that Petitioner has not engaged in intentionally dilatory tactics.  *See* Rhines, 544 U.S. at 277-78.  Therefore, the Court shall stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

Accordingly, the Court will allow Petitioner to return to state court to exhaust his unexhausted claim and the Court will stay further proceedings in the current action.  When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his unexhausted claim in

state court within sixty days from the date of this Order.  *See* id.  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies.  *See* id.; Abela v. Martin, 348 F.3d 164, 170  (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application").  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  Palmer, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss is **DENIED** and further proceedings in this matter shall be stayed.  Petitioner may file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order.  If Petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.  If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 21, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on September 21, 2006.

S/Carol A. Pinegar
Deputy Clerk